UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE POWELL,              )<br>                                             )<br>            Plaintiff,              )<br>    vs.                                  )<br>                                             )<br>7-ELEVEN, INC.,                   )<br>                                             )<br>            Defendant.          )<br>                                             ) | Case No.: 2:10-cv-00031-GMN-RJJ<br><br>**ORDER** |

This case arises out of the allegedly racially motivated firing of an accounting clerk. The Court recently dismissed two of Plaintiff's four causes of action. Pending before the Court is Plaintiff's Motion for Rule 54(b) Certification (ECF No. 24). For the reasons that follow, the Court DENIES the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Stephanie Powell is an African-American woman formerly employed as an accounting clerk by Defendant 7-Eleven, Inc. (First Am. Compl. ¶ 5, ECF No. 13.)[1] During her tenure, she was disciplined in unspecified ways an unspecified number of times for "falling below the keying standard" and for "'pending' file handling," while European-American employees with the same performance issues were not disciplined. (*Id.* ¶¶ 6–9.) In May 2008, Defendant fired Plaintiff for allegedly falsifying documents by marking them as "keyed" in document logs without actually having "keyed" the documents. (*Id.* ¶¶ 10–11.)[2] Plaintiff alleges that Defendant maintained no specific procedure for accounting clerks to mark completed

---

[1] Plaintiff's First Amended Complaint is almost substantively identical to the Complaint (Compl., ECF No. 1-1), except that it omits anonymous defendants and the negligent hiring claim.

[2] Although not explicitly so stated, the allegations imply that "keying" a document consists of making some mark of substantive significance on the document itself. (First Am. Compl. ¶ 12, ECF No. 13.)

documents, assigned no training personnel to accounting clerks, and provided no keying training to accounting clerks, such that accounting clerks each used their own procedures for daily tasks such as keying documents. (*Id.* ¶¶ 12–13.)  Some accounting clerks keyed documents with their initials and/or the date before logging them, but Plaintiff logged documents before keying them, as did some other non-African-American employees who were not fired for this practice. (*Id.* ¶¶ 14–15, 17.)  Plaintiff explicitly denies having falsified any documents. (*Id.* ¶ 16.)

Plaintiff sued 7-Eleven, as well as Roe and Doe defendants, in the District Court of Clark County on five causes of action: (1) Race Discrimination/Disparate Treatment in Violation of 42 U.S.C. § 1981; (2) Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964; (3) Negligent Infliction of Emotional Distress; (4) Negligent Hiring, Training, and Supervision; and (5) Injunctive and Declaratory Relief. (*See* Compl., ECF No. 1-1.)  7-Eleven removed to this Court based on federal-question and supplemental jurisdiction and moved to dismiss the third and fourth causes of action for failure to state a claim.  In the meantime, Plaintiff has filed a First Amended Complaint, which only differs substantively from the Complaint in that the Doe and Roe defendants are omitted and the fourth cause of action is only for negligent training and supervision, not for negligent hiring, training, and supervision.

The Court granted 7-Eleven's motion to dismiss, dismissing the cause of action for negligent infliction of emotional distress with prejudice and the cause of action for negligent training and supervision with leave to amend. (*See* Order, Apr. 16, 2010, ECF No 23.)  Plaintiff did not, however, amend the Complaint to cure the latter cause of action.  Instead, Plaintiff filed a Motion for Rule 54(b) Certification (ECF No. 24), asking the Court to certify its ruling for interlocutory appeal.

## II.     LEGAL STANDARDS

Rule 54(b) permits a Court, at its discretion, to enter judgment after making a ruling partially disposing of a case or to wait to enter judgment until it has ruled on the remaining

causes of action:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Ninth Circuit recently explained the process:

> Some of our cases use the phrase "Rule 54(b) certification." This is a misnomer born of confusion between Rule 54(b) and 28 U.S.C. § 1292(b), only the latter of which requires a certification. The two procedures apply to different situations. Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court.

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citations omitted). A court uses a two-step process under Rule 54(b): (1) it determines if the challenged order is a "final judgment"; and (2) it determines whether there is any just reason for delay. *See Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980). "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (reversing a district court's Rule 54(b) certification in a routine, two-party, multiple claim employment discrimination case). The *Wood* Court stated:

> This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both

> state and federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."

*Id.* at 879 (citation omitted).

### III. ANALYSIS

The dismissal with prejudice of the NIED claim constitutes a final judgment. *See Hell's Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). However, the dismissal without prejudice of the negligent training and supervision claim did not become a "final judgment" simply because time to amend expired. Plaintiff may still request leave to amend. Only when the case is closed or if the Court dismisses the cause of action with prejudice before that time will there be a "final judgment" as to that cause of action. Plaintiff cannot manipulate the appellate jurisdiction of the Court of Appeals, *see Romoland Sch. Dist. v. Inland Empire Energy Ctr, LLC*, 548 F.3d 738, 748 (9th Cir. 2008), by willfully failing to amend a complaint.

Moreover, even assuming both dismissed causes of action constitute "final judgments," here, as in *Wood*, the just reason for delay is the conservation of judicial resources in this routine employment discrimination case. Plaintiff has not had all of her claims determined. If the partial dismissal order had completely disposed of one or more parties to the case, and if the factual bases of remaining claims differed from those on which interlocutory appeal was sought, there might be no just reason to delay such a party's appeal. *See, e.g.*, *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). However, in this case, there remain claims between the parties to the partial dismissal order, the factual bases of which are the same as those underlying the dismissed claims. Therefore, the Court will not certify an interlocutory appeal under Rule 54(b).

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Rule 54(b) Certification (ECF No. 24) is DENIED.

DATED this 3rd day of September, 2010.

_____
Gloria M. Navarro
United States District Judge